**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――――X
:
ROMANIYA HRYTSYK, on behalf of herself and :
all others similarly situated, :
:
Plaintiff, : Civil Action No.
:
vs. : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
PALISADES COLLECTION, L.L.C., :
:
Defendant. :
:
:
―――――――――――――――――――――――X

Plaintiff ROMANIYA HRYTSYK, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendant PALISADES COLLECTION, L.L.C. and its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Passaic County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5. Based upon information and belief, Defendant PALISADES COLLECTION, L.L.C. ("Palisades Collection") is a New Jersey limited liability company with its principle place of business located at 210 Sylvan Avenue, Suite 1, Englewood Cliffs, NJ 07632.

6. Defendant is a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a defaulted debt collection business, and attempts to collect debts from consumers, including consumers in the State of New Jersey via collection letters, phone calls, credit reports and lawsuits. In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

7. Defendant is a bad debt buyer that buys/obtains large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon. Defendant's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

9. This Action is properly maintained as a class action.

**Class 1 consists of**:

- All New Jersey consumers who were sent a letter by or on behalf of Defendant concerning a debt in which the statute of limitations on the debt had expired, but Defendant failed to inform the consumer that the applicable statute of limitations had expired and the debt was time-barred.

**Class 2 consists of:**

- All New Jersey consumers who were sent letters and/or notices from Defendant concerning a debt in which the collection letter identified a balance which impermissibly included interest, fees, penalties and other unauthorized charges.

**Class 3 consists of:**

- All New Jersey consumers who were sent an initial communication by or on behalf of Defendant but failed to provide the consumer with a notice of debt verification as required by section 1692g of the FDCPA.

**Class 4 consists of:**

- All New Jersey consumers who were sent a letter by or on behalf of Defendant concerning a debt in which the collection letter included in Account Balance which included interest, fees, penalties or other charges, but failed to itemize these amounts separate from the principal.

**Class 5 consists of:**

- All New Jersey consumers who were sent a letter by or on behalf of

Defendant concerning in which the Original Creditor was listed as Heritage Bank One, but the original creditor was actually Chase;

**Class 6 consists of:**

- All New Jersey consumers who were sent a letter by or on behalf of Defendant indicating that the original creditor was Heritage Bank One in which Defendant offered to "resolve" the delinquent debt, but failed to inform the consumer that the debt was time-barred by the applicable statute of limitations.

- The Class period begins one year prior to the filing of this Action.

10. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class

member. These common questions of law and fact include, without limitation:

   a. Whether Defendant violated various provisions of the FDCPA.
   b. Whether the Defendant was seeking to collect on a time-barred debt;
   c. Whether Plaintiff and the Class have been injured by the Defendant's conduct;
   d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
   e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no

unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;
- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

11. Plaintiff was at all times with respect to this lawsuit a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

12. On or before March 28, 2017, Plaintiff allegedly incurred a debt ("the Debt") which was owed to Heritage Bank One. ("Heritage Bank").

13. The Debt arose out of a transaction in which money, property, insurance or services were the subject of the transaction, and were primarily for personal, family or household purposes. As such, the Debt is a consumer debt within the meaning of the FDCPA statute.

14. The Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. At some point in time prior to March 28, 2017, the Debt was assigned transferred, sold or assigned to directly or through one or more intermediaries from Heritage Bank One to Defendant Palisades Collection.

16. At the time the Debt was assigned, transferred, sold or assigned to Defendant, the Debt was already in default.

17. On or about March 28, 2017, Palisades Collection sent Plaintiff a collection letter ("the Collection Letter") seeking to collect from Plaintiff a balance from Plaintiff in the amount of $5340.29. A copy of the Collection Letter is attached as Exhibit A.

18. The Collection Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

19. Upon receipt, Plaintiff read the Collection Letter.

20. The Collection Letter offered to "resolve" Plaintiff's delinquent account by extending the following offers:

> OFFER #1 - $2,136.12 (40%) due within 30 days of letter date
> OFFER #2 - $2,670.15 (50%) due within 60 days of letter date.
> OFFER #3 - $3,204.17 (60%) due within 90 days of letter date.

21. The use of the term "resolve" may imply to the least sophisticated consumer a threat of a lawsuit and/or that the Defendant could legally sue to collect on

8

the Debt.

22. The applicable statute of limitations related to the Heritage Bank obligation expired prior to March 28, 2017.

23. There was no language on the Collection Letter expressly stating that the debt was time barred.

24. Defendant's offer to resolve the time-barred Debt without explicit notification to Plaintiff that the debt is time barred would mislead or deceive the least sophisticated consumer into believing that the debt was legally enforceable by Defendant.

25. The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are time-barred by the statute of limitations. <u>United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC</u>, Case No.; 8:12-cv-182-T-27EAJ 9 M.D.Fla).

26. Additionally, at the time that Defendant sent the Collection letter, the actual amount due and owing based upon the charge-off amount from the original creditor was $4,779.00.

27. Thus, the Collection Letter sought to collect approximately $561.29 of fees, interests, penalties, costs, or other charges that Defendant was not entitled to collect.

9

28. The Collection Letter failed to break down the interest, fees and other charges from the principal amount owed.

29. Nothing in the Collection Letter informed Plaintiff that interest was continuing to accrue on the account.

30. Based upon information and belief, the original creditor for account identified in the Collection Letter was not Heritage Bank One, but rather Chase.

31. The Collection Letter was Defendant's initial written communication to Plaintiff, but failed to provide the verification rights provided for by section 1692(g) of the FDCPA.

32. Based upon information and belief, Defendant regularly sent letters seeking to collect debts which were time-barred.

33. Defendant regularly sent letters seeking to collect debts which were time-barred, but did not inform the consumer that the applicable statute of limitations has passed and that the consumer could not be sued on the debt by the current creditor

34. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

35. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

36. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

37. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

38. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding the expiration of the statute of limitations.

39. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

40. Defendant's March 28, 2017 collection letter which provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

41. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

42. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

43. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

44. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

45. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

46. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

47. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

48. It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) By making false representations of the character or legal status of a debt; and

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

49. On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT ONE

### (Fair Debt Collection Practices Act Violation)

50. Plaintiff repeats the allegations contained in paragraphs 1 through 49 as if the same were set forth at length.

51. Defendant violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff.

52. Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff.

53. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with an attempt to collect a debt from Plaintiff.

54. Defendant violated 15 U.S.C. 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of a debt.

55. Defendant violated 15 U.S.C. 1692e(2)(B) of the FDCPA by falsely representing any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

56. Defendant violated 15 U.S.C. 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

57. Defendant violated 15 U.S.C. § 1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff.

58. Defendant violated 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

59. Defendant violated 15 U.S.C. §1692f(1) of the FDCPA by collecting or attempting to collect an amount that was not permitted by law.

60. Defendant violated 15 U.S.C. §1692g by failing to abide by Plaintiff's rights to debt validation;

61. Defendant violated 15 U.S.C. §1692g(a)(1) by failing to accurately identify the amount of the debt allegedly owed.

62.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   March 28, 2018                         Respectfully submitted,

                                By: s/ Lawrence C. Hersh
                                    Lawrence C. Hersh, Esq.
                                    17 Sylvan Street, Suite 102B
                                    Rutherford, NJ  07070
                                    (201) 507-6300
                                    *Attorney for Plaintiff, and all others similarly situated*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated:  March 28, 2018                              By: <u>s/ Lawrence C. Hersh</u>
                                                    Lawrence C. Hersh, Esq.

EXHIBIT A

**PALISADES COLLECTION, L.L.C.**
Office hours: M-F 8:30am-5:00pm
888-505-8786 ♦ 201-308-9370 (Fax)

DEPT 498   1296342917038
PO BOX 4115
CONCORD CA 94524

03/28/17

RETURN SERVICE REQUESTED

Original Creditor: HERITAGE BANK ONE
Client Code: ▮▮▮▮
Current Creditor: Palisades Collection, L.L.C.
Account Number: ▮▮▮▮▮▮▮8438
Palisades ID#: 1983▮▮▮▮

ROMANIYA HRYTSYK

Remit payments to:

PALISADES COLLECTION, L.L.C.
PO BOX 1244
ENGLEWOOD CLIFFS NJ 07632-0244

✂ Detach Upper Portion And Return With Payment ✂

| Original Creditor: HERITAGE BANK ONE | Account Number: ▮▮▮▮▮▮8438 |
|---|---|
| Client Code: ▮▮▮▮ | Palisades ID#: 1983▮▮▮▮ |
| Current Creditor: Palisades Collection, L.L.C. | Account Balance: $5340.29* |

**\*Tax Season Discount Opportunity\***

Dear ROMANIYA HRYTSYK,

For a very limited time, we are offering a special tax-season discount opportunity to help you resolve your delinquent debt. The terms of the program are as follows:

OFFER #1 - $2,136.12  (40%) due within 30 days of letter date
OFFER #2 - $2,670.15  (50%) due within 60 days of letter date
OFFER #3 - $3,204.17  (60%) due within 90 days of letter date

Call us at 888-505-8786 and mention this letter to make a one-time credit card payment OR remit a check made out to:
Palisades Collection, LLC
P.O. Box 1244
Englewood Cliffs, NJ 07632

Be sure to write your Palisades ID # on the check to ensure the correct account is credited. Please be advised that the offer will expire after the due date and cannot be renewed or extended.

We look forward to helping you resolve your account by taking advantage of this opportunity. Thank you!

This correspondence is from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

If you have recently filed a bankruptcy proceeding, please be aware that this letter is for informational purposes only. Please forward a copy of this letter to your counsel and/or the trustee, as appropriate, and refer them to a Palisades Collection, L.L.C. customer service representative at 888-505-8786.

210 Sylvan Avenue, STE 1 ♦ Englewood Cliffs ♦ NJ 07632

ADGUS0-0328-850238953-00110-110